HANSEN WISEMAN v. HENRY C. BRUNS.

FILED MARCH 29, 1893. No. 5067.

Jurors: ATTENDANCE AT COURT WITHIN TWO YEARS: CHALLENGE. It is sufficient cause of challenge to any person called as a juror in the district court that he has been summoned and attended that court as a juror at any term held within two years prior to the time of such challenge, and this rule applies to talesmen who were summoned and served as jurymen.

ERROR from the district court of Cedar county. Tried below before POWERS, J.

*Wilbur F. Bryant,* for plaintiff in error.

*A. M. Gooding, contra.*

MAXWELL, CH. J.

This action was brought by Bruns against Wiseman on account, the answer being a general denial. On the trial a verdict was returned in favor of Bruns, upon which judgment was rendered. While the jury was being impaneled one Jenal was called as a juror and in his exam-

ination on his *voir dire* stated that he had been a talesman in that court a little more than one year prior to that time. He was thereupon challenged for cause by Wiseman and the challenge was overruled, to which exceptions were taken. Wiseman then exhausted his peremptory challenges and now brings the case into this court on error. Sections 658 to section 662 of the Code provide the mode of drawing and summoning a petit jury.

Section 664 provides, " Whenever the proper officers fail to summon a grand or petit jury, or when all persons summoned as grand or petit jurors do not appear before the district courts, or whenever at any general or special term, or at any period of a term for any cause there is no panel of grand jurors or petit jurors, or the panel is not complete, said court may order the sheriff, deputy sheriff, or coroner to summon without delay good and lawful men, having the qualifications of jurors, and each person summoned shall forthwith appear before the court, and if competent, shall serve on the grand jury or petit jury as the case may be, unless such person may be excused from serving or lawfully challenged."

Section 665 provides that "No person shall be summoned as a juror in any district court of this state more than once in two years, and it shall be sufficient cause of challenge to any juror called to be sworn in any cause that he has been summoned and attended said court as a juror, at any term of said court held within two years prior to the time of such challenge; *Provided,* No finding, verdict or inquest returned by any jury shall be invalidated, or set aside, because a member of such jury served as a grand or petit juror within the two years immediately preceding such verdict or inquest."

It will be observed that the word " summon " or " summoned " is used whether the names of jurors are drawn from the box or they are called in by the sheriff, and the same words are used by this court in *Dodge v. People,* 4

Neb., 220, in speaking of talesmen brought in by the sheriff to serve as jurors.  The statute has no exceptions in favor of talesmen and we do not feel justified in making exceptions.  The purpose of the statute seems to be to exclude professional jurymen, but whether so or not the language is plain and unambiguous.  It is therefore a good cause of challenge to one called as a juror that he has been summoned and attended the district court as a juror at any term of court held within two years prior to the time of challenge, and this rule applies to those summoned as talesmen.  The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.